```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
```

|                                                        |   |                           |
|--------------------------------------------------------|---|---------------------------|
| MICHAEL PRITCHETT,                                     | : |                           |
|                                                        | : | Civ. No. 20-14355 (RMB/MJS) |
| Plaintiff                                              | : |                           |
|                                                        | : |                           |
| v.                                                     | : | **OPINION**               |
|                                                        | : |                           |
| GLOBAL TEL LINK CORP. and SALEM COUNTY CORRECTIONAL PRISON, | : |                           |
|                                                        | : |                           |
| Defendants                                             | : |                           |

BUMB, District Judge

Plaintiff Michael Pritchett is pretrial detainee who was confined in Salem County Correctional Facility in Woodstown, New Jersey at the time he filed a pro se civil rights complaint. (Compl., Dkt. No. 1.) For the following reasons, the Court will dismiss the complaint without prejudice.

I. FILING FEE/*IN FORMA PAUPERIS*

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an

administrative fee of $52, for a total of $402.[1] A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 to be paid in installments and will not be responsible for the $52 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under § 1915, a prisoner seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the filing fee in

---

[1] On December 1, 2020, the administrative fee was raised from $50 to $52. However, as Plaintiff submitted his complaint in this action prior to this change, should Plaintiff elect to pay the filing fee, he shall only owe $400.

installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall deduct from the prisoner's account, and forward to the Clerk, an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted,

3

he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, although Plaintiff stated that he was attaching his certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint, the Court did not receive the statements. Furthermore, for the following reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

District courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis,* see 28 U.S.C. § 1915(e)(2)(B)[2], seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. District courts must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

---

[2] The United States Court of Appeals for the Third Circuit has determined this Court can screen Plaintiff's complaint for dismissal before considering an *in forma pauperis* application. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc). This Court elects to do so here.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explained by the United States Court of Appeals for the Third Circuit as follows. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

III. THE COMPLAINT

The allegations in the Complaint are accepted as true for purposes of this opinion only. Plaintiff asserts jurisdiction under Bivens because he is a federal pretrial detainee. (Compl. ¶1a, Dkt. No. 1.) He alleges that he has been a federal pretrial detainee housed in Salem County Prison since October 11, 2018. (Compl. ¶6.) He immediately noticed that the phone rates were egregiously high. Upon researching the issue, Plaintiff learned Global Tel Link Corp. ("GTL") engaged in a joint action with Salem County Jail that allowed them to charge excessively high phone rates for inmates' telephone calls. Plaintiff alleges he has been a victim of this "consumer fraud act" from October 11, 2018 to the present. He alleges that the defendants violated the Takings Clause by agreeing to excessive fees and rates. (Compl. ¶4.)

IV. DISCUSSION

Although Plaintiff is a federal pretrial detainee, he raises claims against a county jail and a private corporation. Therefore, jurisdiction is under 42 U.S.C. § 1983. A plaintiff may have a

cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

One of the named defendants is a county jail. Prisons or jails are not "persons" who can be sued under § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (the New Jersey Prison Medical Department may not be sued under § 1983 because it is not a "person" within the meaning of the statute) (citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3d Cir. 1969), cert. denied, 396 U.S. 1046 (1970)). The Court will dismiss the § 1983 claim against "Salem County Prison" without prejudice.

Plaintiff brings his claims under the Takings Clause of the Fifth Amendment.[3] "The Takings Clause provides: '[N]or shall private property be taken for public use, without just compensation.'" Horne v. Dep't of Agric., 576 U.S. 350, 358 (2015) (quoting U.S. Const., Amdt. 5)). The Takings Clause applies to takings by the States. Knick v. Twp. of Scott, Pennsylvania, 139 S. Ct. 2162, 2171 (2019). "[A] property owner has a claim for a violation of the Takings Clause as soon as a government takes his property for public use without paying for it." Id. at 2170. "'[T]he act of taking' is the 'event which gives rise to the claim for compensation.'" Id. (quoting United States v. Dow, 357 U.S. 17, 22 (1958)). "[T]he classic taking is a transfer of property to the State or to another private party by eminent domain, [but] the Takings Clause applies to other state actions that achieve the same thing." Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot., 560 U.S. 702, 713 (2010). The "doctrine of regulatory takings 'aims to identify regulatory actions that are functionally equivalent to the classic taking.'" Id. (quoting Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 539 (2005)). "States [also] effect a taking if they recharacterize as public property what was

---

[3] Fifth Amendment Takings Clause claims, as applied to the States under the Fourteenth Amendment, may be brought under 42 U.S.C. § 1983. See e.g. Stop the Beach Renourishment, Inc. v. Fla. Dep't of Env't Prot., 560 U.S. 702, 707, 130 S. Ct. 2592, 2597, 177 L. Ed. 2d 184 (2010) (citing Dolan v. City of Tigard, 512 U.S. 374, 383–384 (1994)).

8

previously private property. Stop the Beach Renourishment, Inc., 560 U.S. at 713 (citing Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 163–165 (1980)). A lack of reasonably priced services available to county inmates is not a "taking" because there is no legal compulsion to pay the alleged excessive rate. James v. Glob. Tel*Link Corp., No. 13-4989, 2020 WL 998858, at *3 (D.N.J. Mar. 2, 2020). Plaintiff has not alleged a taking; therefore, the Court finds that Plaintiff has failed to allege a § 1983 claim under the Takings Clause.[4]

The Court notes that Plaintiff wrote "Consumer Fraud Act" at the top of the first page of his Complaint. He did not, however, make any specific factual allegations to state a claim under the New Jersey Consumer Fraud Act. Moreover, because Plaintiff fails to state a federal claim or to allege diversity jurisdiction, the

---

[4] The Court notes Plaintiff has not alleged what rate he was charged for phone calls. The Court also takes judicial notice, under Federal Rule of Evidence 201(b), of N.J. Stat. Ann. § 30:4-8.12, effective on August 21, 2016, which provides, in relevant part:

> a. All telephone service contracts for inmates in State or county correctional facilities shall be subject to the procurement provisions set forth in chapter 34 of Title 52 of the Revised Statutes and chapter 11 of Title 40A of the New Jersey Statutes; provided, however, the State Treasurer or appropriate person on behalf of the county or private correctional facility shall contract with the qualified vendor whose rate shall not exceed 11 cents per minute for domestic debit, prepaid, and collect calls and who does not bill to any party any service charge or additional fee exceeding the per minute rate, including, but not limited to, any per call surcharge, account set up fee, bill statement fee, monthly account maintenance charge, or refund fee.

N.J. Stat. Ann. § 30:4-8.12(a).

Court declines to exercise supplemental jurisdiction over a state law claim. See 28 U.S.C. § 1367(c)(3).

V. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff shall have thirty (30) days in which to either pay the $400 filing fee or submit a complete application to proceed *in forma pauperis* along with a proposed amended complaint that corrects the deficiencies of his original complaint, should he elect to do so. An appropriate order will be entered.

**DATED: May 4, 2021**　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　　**United States District Judge**